IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| BAFEEL INC.<br><br>                            Plaintiff,<br><br>v.<br><br>XCRCR, et. al.<br><br>                            Defendants. | Civil Action No. 4:25-cv-1041 |

## COMPLAINT

Plaintiff, Bafeel Inc. ("Bafeel" or "Plaintiff"), hereby files this Complaint for, inter alia, trademark infringement, counterfeiting, and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

### PARTIES

1. Bafeel Inc. ("Bafeel") is a corporation organized and existing under the laws of the United States, with its registered address at 1121 13th St. #187, Boulder, Colorado 80302, United States.

2. Defendants identified in Exhibit A are all believed to be individuals and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. The true names, identities, and addresses of Defendants are currently unknown. See Exhibit A.

3. Defendants conduct their illegal operations through fully interactive commercial websites hosted on https://www.amazon.com ("Amazon"). Through Amazon, Defendants target consumers in the United States and have offered to sell and have sold and continue to sell counterfeit products that violate Plaintiff's trademark rights ("Counterfeit Products") to

1

consumers within the United States, including the State of Texas and Eastern District of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

4. Through their operation on Amazon, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

5. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products. Defendants conceal their identities and the full scope of their counterfeiting operations to prevent Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The identities of these Defendants are presently unknown. If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

## JURISDICTION AND VENUE

6. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation of origin arising under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. § 1051 et seq., including in particular 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a), and for trademark infringement under Texas Business and Commerce Code §§ 16.102.

7. This Court has original jurisdiction over this action pursuant to 15 U.S.C. §§ 1116, 1121, and 1125(a), as well as 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b);

8. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for trademark infringement under Texas Business and Commerce Code §§ 16.102.

9. This Court has personal jurisdiction over Defendants in that they transact business in the State of Texas and in the Eastern District of Texas.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Defendants are entities or individuals subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants directly target business activities towards consumers in the State of Texas.

## PLAINTIFF AND THEIR TRADEMARK AND PRODUCTS

11. Bafeel is engaged in the business of selling various kinds of tools and related consumer products ("Plaintiff's Products") through e-commerce platforms to global consumers.

12. The key brand of Bafeel subject to this trademark infringement action is: Lansga ( "Lansga mark").

13. Bafeel is the sole and exclusive owner of all right, title, and interest in and to the federally registered trademark Lansga.

14. The Lansga Mark is registered in International Class 8, which covers, inter alia, beard trimmers, saws, knives, scissors, pliers, razors, and other hand tools, and is associated with substantial and valuable goodwill. See Exhibit B.

15. The Lansga Mark is valid, subsisting, unrevoked, and uncancelled on the Principal Register of the United States Patent and Trademark Office ("USPTO"). Pursuant to 15 U.S.C. § 1057(b), Registration No. 6,510,780 constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use the Lansga Mark in commerce.

16. Plaintiff is engaged in the business of selling various kinds of tools and related consumer products (collectively, "Plaintiff's Products") throughout the world, including within the Eastern District of Texas, under the Lansga mark.

17. Plaintiff has continuously and extensively used the Lansga mark in and affecting U.S. interstate and international commerce since December 6, 2020, in connection with Plaintiff's Products.

18. Through Plaintiff's substantial and sustained investments in marketing, brand development, and customer engagement, the Lansga Mark has become universally associated with Plaintiff's Products and services and has solidified its esteemed position as a prominent symbol of consistent quality and distinctive style within its industries.

19. Plaintiff maintains high quality control standards for all of its Products. Genuine Lansga-branded products are distributed and sold exclusively through Plaintiff's online storefront at Lansga.shop. *See* Exhibit C. Plaintiff also implements consistent policies to ensure that satisfactory post-sale customer service is provided.

20. As a result, Plaintiff's product has gained high customer satisfaction, as reflected from its product reviews.

21. The Lansga Mark is a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

22. Defendants are the individuals, partnerships, and unincorporated associations set forth on Exhibit "A" hereto.

23. Defendants are promoting, selling, offering for sale, and distributing counterfeits bearing Lansga mark within this district.

24. Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or

arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

25. Plaintiff's claims against the multiple defendants listed in Exhibit "A" are all transactionally related.

26. Plaintiff is claiming trademark infringement and false designation of origin against Defendants of Plaintiff's intellectual property rights.

27. The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

28. All Defendants' actions are logically related. All Defendants, operating on Amazon, are engaging in the same systematic approach of establishing online storefronts to distribute illegal products from the same or similar sources while maintaining financial accounts on Amazon anonymously so that Defendants can easily conceal to avoid any real liability for their actions.

29. The natural and intended consequence of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Lansga mark and the destruction of the legitimate market sector in which Lansga operates.

30. Upon information and belief, all Defendants are located in foreign jurisdictions, mostly China. All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal counterfeiting activities.

31. All Defendants take advantage of a set of circumstances, the anonymity and mass reach the internet affords, to sell infringing goods across international borders and violate Plaintiff's trademark rights with impunity.

32. Defendants are using the Lansga mark to attract consumer traffic to their Amazon stores, and each Defendant's profits increase as more counterfeit sellers exploit the Lansga mark.

33. Joinder of the multiple defendants listed in Exhibit "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

34. Joinder of the multiple defendants listed in Exhibit "A" attached hereto will not create any unnecessary delay, nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

35. Joinder of the multiple defendants listed in Exhibit "A" is procedural only and does not affect the substantive rights of any defendant listed on Exhibit "A" hereto.

36. Defendants have actual or constructive knowledge of Lansga mark, which have been federally registered and actively promoted by Lansga, as well as Plaintiff's exclusive right to use or license Lansga mark.

## DEFENDANTS' INFRINGING ACTIVITIES

37. None of the Lansga Mark has ever been assigned or licensed to any of the Defendants in this matter.

38. Upon information and belief, at all times relevant hereto, Defendants had full knowledge of Plaintiff's ownership and exclusive rights in and to the Plaintiff's Mark, including the substantial goodwill associated therewith.

39. Plaintiff has recently discovered that Defendants are using identical or confusingly similar imitations of the Plaintiff's Mark in connection with the marketing, offering for sale, and sale of counterfeit goods via Amazon.

40. Their Amazon Stores are deliberately designed to mislead consumers by mimicking the appearance of authorized online retailers, thereby creating a false impression of affiliation with or endorsement by Plaintiff.

41. Defendants' use of the Plaintiff's Mark in commerce, in connection with the advertising, distribution, and sale of counterfeit goods, is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of those goods, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Without Plaintiff's authorization or consent, Defendants have knowingly and willfully manufactured, imported, distributed, advertised, offered for sale, and sold goods bearing unauthorized reproductions or imitations of the Plaintiff's Mark, including to consumers in the United States and the State of Texas.

43. The Counterfeit Products are not genuine goods manufactured with authority or license from Plaintiff, but they use Lansga mark on products and on product description to identify source of goods.

44. To increase web traffic and mislead search engine algorithms, Defendants have unlawfully embedded the Plaintiff's Mark in the content and metadata of product listings on the Infringing Webstores.

45. Defendants have undertaken extensive efforts to conceal their true identities, utilizing multiple fictitious names, false addresses, and various digital storefronts to facilitate the infringing activity identified herein and to evade enforcement efforts.

46. Defendants' infringing acts are causing and will continue to cause irreparable harm to Plaintiff's brand reputation, consumer goodwill, and market share, for which there is no adequate remedy at law.

47. Upon information and belief, unless enjoined by this Court, Defendants will continue their infringing activities, including the registration and operation of new webstores and listings designed to sell counterfeit products bearing unauthorized reproductions of the Plaintiff's Mark.

48. Plaintiff has no adequate remedy at law.

## COUNT ONE - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §1114)

49. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

50. Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world is of great and incalculable value. The Mark is highly distinctive and has become universally associated in the public mind with Plaintiff's Products and related services. Consumers associate the Plaintiff's Mark with Plaintiff as the source of the very highest quality products.

51. Without Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark and the fact that Defendants' Counterfeit Products are sold using mark which are identical or confusingly similar to the Plaintiff's Mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

52. Defendants' use of copies or approximations of the Plaintiff's Mark in conjunction with Defendant's Counterfeit Products has caused and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

53. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

54. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

55. Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

56. By misappropriating and using the Lansga mark, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

57. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plaintiff's great damage and injury.

58. Pursuant to 15 U.S.C. Ĥ1125(a), Defendants' use of the Plaintiff's Mark, genuine product images, and trade names in connection with their goods and services in interstate commerce constitutes a false designation of origin and unfair competition.

59. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE – TEXAS BUSINESS AND COMMERCE CODE (Sec. 16.102)

60. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

61. Plaintiff owns valid and enforceable trademark that are registered in the State of Texas and/or with the USPTO. The mark is distinctive and is widely recognized as designating the source of Plaintiff's goods/services in the State of Texas.

62. Defendants, without Plaintiff's consent, used a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark in connection with the advertising, offering for sale, and/or sale of goods or services in Texas. Defendants' unauthorized use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, in violation of Tex. Bus. & Com. § 16.102.

63. Defendants further reproduced, counterfeited, copied, or colorably imitated Plaintiff's mark and applied such imitation to labels, advertisements, and/or packaging intended for use in the sale or distribution of goods or services within Texas.

64. Upon information and belief, Defendants' infringements were intentional and in bad faith, and with actual knowledge of Plaintiff's rights in the mark, entitling Plaintiff to enhanced damages and attorney's fees under Tex. Bus. & Com. § 16.102(d).

65. Plaintiff is entitled to recover its reasonable attorney's fees and costs incurred in bringing this action, pursuant to § 16.102(d)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment against Defendants in favor of Plaintiff on all counts as follows:

A. That Defendants be ordered to account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Mark be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117(a) and (b);

B. In the alternative, that Plaintiff be awarded maximum statutory damages against each Defendant in the amount of Two Hundred Thousand Dollars (U.S.) ($200,000.00) per

counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just pursuant to 15 U.S.C. § 1117(c)(1).

C. That Plaintiff be awarded its reasonable attorneys' fees and costs jointly and severally against Defendants, and that this be declared an exceptional case entitling Plaintiff to recover their attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b); and,

D. Grant Plaintiff such other and further legal relief as may be just and proper.

Dated September 23, 2025

Respectfully submitted,
By: */s/ Shaoyi Che*
Shaoyi Che
(che@yzlaw.com)

YoungZeal LLP
9355 John W. Elliott Dr, Ste 25555
Frisco, TX 75033
Telephone: (717) 440-3382

## CERTIFICATE

I, Jingbo Li, the Chief Executive Officer of Bafeel Inc., hereby confirm that the foregoing factual allegations are an accurate reflection of my statements provided to my attorneys.

Signature: *Jingbo Li*

Jianbo Li